## Payment for Transportation of School Pupils

ARNOLD, Deputy Attorney General, October 31, 1933.—You have reported to us that a certain board of school directors adopted a resolution which provided

that the school district would pay to each pupil who attended the high school of the district the sum of $5.15 per school month for transportation, whether the pupil traveled by train or furnished his own transportation. You inquire whether payments to pupils under such a resolution would be legal, and whether the Commonwealth could reimburse the school district for such payments if the other circumstances of the case brought it within a proper class for State reimbursement.

Section 1404 of the School Code of May 18, 1911, P. L. 309, contains the following provision:

"The board of school directors in any school district in this Commonwealth may, out of the funds of the district, provide for the free transportation of any pupil to and from the public schools."

Other sections of the code require school districts to furnish free transportation under various circumstances.

Section 1408 of the code, as last amended by the Act of May 13, 1925, P. L. 628, provides that "the free transportation of pupils, as required or authorized by this act, or any other act, may be furnished by using either school conveyances, private conveyances, or electric railways, or other common carriers". And under section 1406 of the code, as last amended by the Act of May 29, 1931, P. L. 243, contributions by the Commonwealth toward the cost of transportation are to be made only "if the Department of Public Instruction approves the transportation as to methods and means and the contracts provided therefor".

The statutory provisions to which we have referred make it quite clear that where public money is to be used for the conveyance of pupils to and from school, it is the duty of the school district to make definite arrangements for the transportation of the pupils. The payments must be for actual transportation only.

Consequently, any such arrangement as was attempted by the school district in question would be utterly improper. Apparently the payments to the pupils were to be made without regard to the distance to be traveled or the cost of actual transportation. The pupil who lived within a comparatively short distance and walked to and from the school would receive pay for walking.

It is our opinion that expenditures by a school district for pupil transportation may be made only where the district itself provides the conveyance or where it makes contracts or other arrangements directly with the persons or corporation which furnishes the means of conveyance. Of course, this may include purchase of tickets for travel by common carriers as well as the making of special contracts for carrying pupils. However, under no circumstances could a school district justify the payment of a flat sum of money to each pupil, leaving the pupil free to determine whether the money should be used for transportation or not.

Since the payment of any such sum would be illegal, you should not permit State reimbursement based thereon.

Therefore, we advise you that a school district may not legally pay a flat sum of money to its pupils under the guise of transportation expense, and your department could not legally approve a claim for reimbursement of the district for any such payments under any circumstances. Payments for transportation, either by a school district or by the Commonwealth, must be only for transportation actually furnished or provided by the school district.

From C. P. Addams, Harrisburg, Pa.